UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD FLOYD,<br><br>　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, Inc., and<br>NATIONSTAR MORTGAGE LLC,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§ Civil Action: 3:21-cv-1727<br>§<br>§ With Jury Demand Endorsed<br>§<br>§<br>§<br>§ |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Reginald Floyd ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Experian Information Solutions, Inc. and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1.  One of the Defendants is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Reginald Floyd, is a natural person residing in Cambria County, Pennsylvania, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

### III. JURISDICTION AND VENUE

6. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7. Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8. Venue is further proper in this District, because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and

all requests to investigate Plaintiffs' dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiffs' mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

9. In September 2014, Nationstar acquired Plaintiff's mortgage loan for his property located at 620 Oak Street, Johnstown, Cambria County, Pennsylvania 15902 and assigned loan number xxxxx7893, hereinafter ("Nationstar mortgage account").

10. Plaintiff still resides at this property and currently makes payments to his Nationstar mortgage account. (See Exhibit "A", Plaintiff's Payment History).

11. On March 30, 2021, Plaintiff obtained a tri-merge credit report and noticed the Experian credit report was not accurate as it reported the Date of Last Activity as 03/01/2019. (See Exhibit "B", Tri-merge Credit Report).

12. On or around April 2021, Plaintiff sent a direct dispute to Experian and requested that the CRA Defendants investigate the reporting of the Nationstar mortgage account. Plaintiff requested that under the FCRA, the CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account. (See Exhibit "C", Unsigned Dispute Letter to Experian).

13. Experian received Plaintiff's dispute letter on May 11, 2021. (See Exhibit "D", Certified Mail Receipt and Proof of Delivery for Tracking No. 70203160000080222656).

14. Plaintiff obtained a letter from Nationstar stating that they responded to Experian on 06/03/2021 and that Experian would provide Plaintiff with a resolution. (See Exhibit "E", Nationstar's Confirmation of Experian's Inquiry).

15. Upon information and belief, Experian did not respond to Plaintiff's dispute.

16. Therefore, on June 9, 2021, Plaintiff had to obtain a new tri-merge credit report and noticed that Experian still reported the Date of Last Activity as 03/01/2019. Further, Experian did not add any remarks regarding the item being in dispute. (See Exhibit "F", June 9, 2021 Tri-merge Credit Report).

17. Experian's response, or lack thereof, failed to ensure maximum accuracy, was not the result of a reasonable investigation into Plaintiff's dispute, failed to remedy the inaccuracies within the Nationstar tradeline and gave no explanation as to why the Nationstar tradeline reported the wrong date of last activity.

18. Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

19. Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

20. In the alternative, Experian failed to contact Nationstar, therefore, failed to perform any investigation at all.

21. In the alternative to the allegation that Experian failed to contact Nationstar, it is

alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## V.  GROUNDS FOR RELIEF

### COUNT I – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

22. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

23. Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

24. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

25. Experian knew or should have known of Plaintiff's account status and payment history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

26. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

27. After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

28. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered

damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

29. Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

30. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EXPERIAN'S VIOLATION OF THE FCRA
## (15 U.S.C. §1681i)

31. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

32. Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

33. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

34. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

35. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681s-2(b))**

36. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

37. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

38. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered

damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

40. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

41. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

42. Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in

accordance with the provisions of the FCRA and/or other laws.

43. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

44. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

45. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

46. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

47. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Reginald Floyd, prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Experian Information

Solutions, Inc. and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that the CRA Defendants, Experian Information Solutions, Inc. and Furnisher Defendant, Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Date Filed: July 26, 2021

                            Respectfully submitted,

                            */s/ Matthew P. Forsberg*
                            Matthew P. Forsberg
                            TX State Bar Number 24082581
                            FCRA-TX@fieldslaw.com
                            FIELDS LAW FIRM

9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

**LAW OFFICE OF JONATHAN A. HEEPS**

/s/ *Jonathan A. Heeps*                .
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com


COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| July 26, 2021 | */s/ Matthew P. Forsberg* |
| Date | Matthew P. Forsberg |